# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ERVIN R. HALL-BEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-89-JMS-MJD |
| | ) | |
| SUPERINTENDENT, Miami Correctional Facility, | ) ) | |
| | ) | |
| Respondent. | ) | |

## Entry Discussing Petition for Writ of Habeas Corpus

## Background

Ervin Hall-Bey is a state prisoner who was disciplined in a proceeding identified as No. ISF 11-10-0160 for violating prison rules by aiding in or conspiring to commit an assault/battery with a weapon or inflicting serious injury. The evidence favorable to the decision of the hearing officer, *see Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court Awill overturn the . . . [conduct board=s] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994), is the following: Just after 5:00 a.m. on October 5, 2011, inmate Maurice Dunlap was attacked by inmate John Hudson at the Putnamville Correctional Facility. Dunlap had been identified as a snitch by other inmates. This resulted in Hall-Bey putting out a contract for someone to attack Dunlap. Dunlap suffered a suspected fractured arm in the course of being attacked.

Contending that the proceeding described above is constitutionally infirm, Hall-Bey seeks a writ of habeas corpus. His contentions are that the evidence was insufficient, that he was denied evidence from two witnesses, and that the sanctions imposed were excessive.

## Discussion

The writ Hall-Bey seeks can be issued only if the court finds that he is Ain custody in voiolation of the Constitution or laws or treaties of the United States.@ 28 U.S.C. ' 2254(a). Because he has not made such a showing, his petition for a writ of

habeas corpus must be **denied.** The reason for this disposition is that the pleadings and the expanded record show that (1) the procedural protections required by *Wolff v. McDonnell,* 418 U.S. 539 (1974), were provided, (2) there was at least Asome evidence@ to support the decision of the conduct board as required by *Superintendent of Walpole v. Hill,* 472 U.S. 445 (1985), and (3) the proceedings were not otherwise tainted by prejudicial error.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Hall-Bey to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

      IT IS SO ORDERED.

Date: 11/19/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Ervin R. Hall-Bey
No. 921011
Miami Correctional Facility
3038 West 850 South
Bunker Hill, IN 46914

Linda.Leonard@atg.in.gov